## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
## EVANSVILLE DIVISION

| | | |
|---|---|---|
| CHARLES B. ZIMMERMAN | ) | |
| | ) | |
| Plaintiff, | ) | Cause No.: 3:08-CV-00144-RLY-WGH |
| | ) | |
| v. | ) | |
| | ) | |
| CSX TRANSPORTATION, INC., | ) | |
| | ) | |
| Defendant. | ) | |

### CSX TRANSPORTATION INC.'S
### RESPONSE TO PLAINTIFF'S MOTION TO COMPEL

AND NOW, comes Defendant, CSX Transportation, Inc. (hereinafter "CSXT"), by and through its attorneys, Stuart & Branigin, LLP and Trenten D. Klingerman, Esquire, and Burns, White & Hickton, LLC and Jeffrey D. Roberts, Esquire, and files the within Response to Plaintiff's Motion to Compel.

### FACTS

Plaintiff initiated this action by filing a Complaint in the Circuit Court for St. Clair County, Illinois on January 24, 2006. (Dkt. No. 81-7). His Complaint was dismissed on August 14, 2006. On June 22, 2007, Plaintiff filed another Complaint in the United States District Court for the Southern District of Illinois. This Complaint contained the exact same causes of action and allegations as Plaintiff's 2006 Complaint. (Dkt. No. 2). After initial pleadings, Plaintiff and CSXT submitted their Report of the Parties setting forth a discovery schedule. (*See*, Dkt. No. 15). The Report of the Parties was adopted via Order of Court on January 10, 2008. (Id.). Pursuant to the Order, discovery was to close on September 30, 2008. (Id.).

On September 29, 2008, this matter was transferred to this Honorable Court. (Dkt. No. 51). A Case Management Plan was submitted to this Court on February 23, 2009. (Dkt. No. 64). The Case Management Plan was approved as submitted on February 26, 2009. (Dkt. No. 65). Pursuant to the Order, discovery is scheduled to close on May 30, 2009. (Id).

Currently pending before this Court is Plaintiff's Motion to Compel, which was filed on April 21, 2009. (Dkt. No. 91). Plaintiff's Motion seeks an Order of Court compelling CSXT to produce unnamed CSXT "employee witnesses" for deposition. (Id.). This matter has been pending for over three years. During that period of time, Plaintiff has never served CSXT with a notice of deposition pursuant to Federal Rule of Civil Procedure 30 seeking to depose a CSXT employee. In addition, Plaintiff's counsel has never supplied CSXT with dates that he might be available to conduct depositions of CSXT employees, nor has he indicated where the depositions might take place. In fact, Plaintiff's counsel declined to participate in a status conference to discuss issues related to the depositions of CSXT employees. Furthermore, CSXT has never indicated that it would not produce its employees for deposition. Consequently, Plaintiff's Motion to Compel is not ripe for review and must be denied.

## ARGUMENT

Plaintiff's Motion to Compel is not ripe for review. More specifically, Plaintiff has not served Notices of Deposition, has not assisted CSXT in scheduling the depositions at issue, and has not complied with the Local Rules of Court. Consequently, Plaintiff's Motion to Compel must be denied.

First, Plaintiff's Motion to Compel is not ripe for review because he has not served Notices of Deposition. Federal Rule of Civil Procedure 30(b)(1) states that:

> A party who wants to depose a person by oral questions must give reasonable written notice to every other party. The notice must state the time and place of the deposition and, if known, the deponent's name and address. If the name is unknown, the notice must provide a general description sufficient to identify the person or the particular class or group to which the person belongs.

Fed.R.Civ.P. 30(b)(1). If a notice of deposition is not properly served, then a party cannot move to compel a deposition. *See*, Fed.R.Civ.P. 37(d)(1)(A)(i); <u>Puritan Invest. Corp. v. ASLL Corp.</u>, 1998 WL 440831, *1 (E.D.Pa.1998) ("Defendants never served notices of depositions . . . As such, an order compelling plaintiff to produce such witnesses for deposition would be inappropriate."). In the more than three years this matter has been pending, Plaintiff has never served CSXT with a Notice of Deposition seeking to depose a CSXT employee. Accordingly, Plaintiff's Motion to Compel must be denied.

Second, Plaintiff's Motion to Compel is not ripe for review because Plaintiff has not assisted counsel for CSXT in scheduling the depositions. Although Plaintiff claims in his Motion that he has been requesting depositions since April 3, 2008, this is not entirely accurate. On April 23, 2008, counsel for Plaintiff wrote to counsel for CSXT stating:

> I would like to schedule the depositions of the people involved in the tunnel incident and also the person who was last in possession of the personal injury report completed by the plaintiff. **I will send you a letter with their specifics shortly.**

(Dkt. No. 91-2, Plaintiff's Exhibit 4 (emphasis added)). In response, counsel for CSXT wrote:

> I have your April 23, 2008 letter. When you are ready to do so, please follow-up with Erick VanDorn [counsel for CSXT] with regard to inspection of the tunnel and with regard to the depositions you desire.

(*See*, Correspondence from Thompson Coburn LLP dated May 12, 2008 (attached hereto as Exhibit "A")). Plaintiff was apparently not ready because he did not follow-up with Mr. VanDorn *until four months later*, when on September 16, 2008 he listed the names of eight "CSX personnel" he wanted to depose. (Dkt. No. 91-2, Plaintiff's Exhibit 3).

The case was transferred to this district shortly thereafter, and Plaintiff's counsel did not raise the issue of the depositions again until December 31, 2008, when he wrote to current counsel for CSXT requesting the depositions of sixteen "CSXT personnel." (Dkt. No. 91-2, Plaintiff's Exhibit 2). The witnesses identified in Plaintiff counsel's letter were from all over the country (Florida, Kentucky, Alabama, and South Carolina, among other locations), and some of them were no longer CSXT employees. Consequently, counsel for CSXT wrote Plaintiff's counsel stating that the sixteen depositions was unreasonable and included with his letter a Joint Motion for a Status Conference in order to discuss the depositions. (*See*, Correspondence from Stuart & Branigin LLP dated January 15, 2009, attached hereto as Exhibit "B")). Plaintiff's counsel wrote back on January 20, 2009 to state that he wanted to schedule all of the depositions, and rejected the Joint Motion for a Status Conference. (Dkt. No. 91-2, Plaintiff's Exhibit 5). However, Plaintiff's counsel took no further action.

On February 23, 2009, Plaintiff's counsel wrote to counsel for CSXT to request dates to depose four witnesses in order to "get us started." (Dkt. No. 91-2, Plaintiff's Exhibit 6). Counsel for CSXT wrote back *that same day, just a few hours later*, to get

Plaintiff counsel's availability for the depositions.  (*See*, Correspondence from Stuart & Branigin LLP dated February 23, 2009 (attached hereto as Exhibit "C")).   Plaintiff's counsel has never responded.   Clearly, Plaintiff cannot move this Court to compel depositions his counsel has not noticed, pursued or otherwise attempted to schedule. Therefore, Plaintiff's Motion to Compel must be denied.

Finally, Plaintiff's Motion to Compel is not ripe for review because Plaintiff has not attempted to informally settle this dispute.  Local Rule 37.1 of the United States District Court for the Southern District of Indiana states:

> The Court may deny any discovery motion (except those motions brought by a person appearing pro se and those brought pursuant to Rule 26(c), Fed.R.Civ.P., by a person who is not a party), unless counsel for the moving party files with the Court, at the time of filing the motion, a separate statement showing that the attorney making the motion has made a reasonable effort to reach agreement with opposing attorney(s) on the matter(s) set forth in the motion.
>
> This statement shall recite, in addition, the date, time, and place of such conference and the names of all parties participating therein. If counsel for any party advises the Court in writing that opposing counsel has refused or delayed meeting and discussing the problems covered in this Rule, the Court may take such action as is appropriate to avoid unreasonable delay.

S.D.Ind.L.R. 37.1.  Plaintiff's counsel has never proposed an informal conference.   In fact, Plaintiff's counsel refused CSXT's request for a status conference to discuss the depositions, and never responded to CSXT's correspondence regarding his availability for the depositions.   Moreover, CSXT has never refused to make the witnesses available for deposition.   Therefore, Plaintiff's Motion to Compel is not ripe for review and must be denied.

## CONCLUSION

CSX Transportation, Inc. respectfully requests that this Honorable Court deny Plaintiff's Motion to Compel.

Respectfully submitted,

s/ Jeffrey D. Roberts
Jeffrey D. Roberts, Esq.
David A. Damico, Esq.
Burns, White & Hickton, LLC
106 Isabella Street, Four Northshore Center
Pittsburgh, PA 15212
Phone: (412) 995-3133
Fax: (412) 995-3300
E-mail: jdroberts@bwhllc.com
E-mail: dadamico@bwhllc.com

Trenten D. Klingerman (Atty No. 23033-53)
John C. Duffey (Atty No. 4756-79)
Stuart & Branigin, LLP
300 Main Street, Suite 900, P.O. Box 1010
Lafayette, IN 47902-1010
Phone (765) 423-1561
Fax: (765) 742-8175
E-mail: tdk@stuartlaw.com
E-mail: jcd@stuartlaw.com
**Attorneys for CSX Transportation, Inc.**

## CERTIFICATE OF SERVICE

I hereby certify that on May 4, 2009, I electronically filed the foregoing pleading with the Clerk of Court using the CM/ECF system which will send notification of such filing to:

Daniel R. Francis, Esq.
DanFrancis@sbcglobal.net

Kurt E. Reitz, Esq.
kreitz@thompsoncoburn.comn

Erick E. VanDorn, Esq.
evandorn@thompsoncoburn.com

Respectfully submitted,

s/ Jeffrey D. Roberts
Jeffrey D. Roberts, Esq.