UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | | |
|---|---|---|
| CHARLES B. ZIMMERMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 3:08-cv-144-RLY-WGH |
| | ) | |
| CSX TRANSPORTATION, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER ON PLAINTIFF'S MOTION TO FILE DISCLOSURE OF EXPERTS
OUT OF TIME AND DEFENDANT'S MOTION FOR SANCTIONS
PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 37**

This matter is before the Honorable William G. Hussmann, Jr., United

States Magistrate Judge, on Plaintiff's Motion to File Disclosure of Experts Out of

Time filed March 16, 2009.  (Docket No. 69).  Defendant filed its Response on

March 30, 2009.  (Docket No. 79).  Also before the Magistrate Judge is

defendant's Motion for Sanctions Pursuant to Federal Rule of Civil Procedure 37

filed March 30, 2009 (Docket No. 81)[1] and a Motion for Summary Ruling (Docket

No. 88).

Having examined the parties' arguments, the Magistrate Judge now

**DENIES** Plaintiff's Motion to File Disclosure of Experts Out of Time.

---

[1]On March 30, 2009, defendant also filed Motions for Oral Argument on both
Plaintiff's Motion to File Disclosure of Experts Out of Time and defendant's Motion for
Sanctions Pursuant to Federal Rule of Civil Procedure 37.  (Docket Nos. 80, 83).  The
Magistrate Judge, having determined that Plaintiff's Motion to File Disclosure of Experts
Out of Time must be denied, hereby **DENIES, as moot,** both Motions for Oral Argument.

## A.   Background

Plaintiff was a locomotive engineer for defendant, CSX.  (Defendant's Response at Ex. B).  In April of 2002, plaintiff was diagnosed with sleep apnea. (*Id.* at Ex. C).  On December 30, 2002, he was diagnosed with narcolepsy.  (*Id.*)

On June 22, 2004, plaintiff went to the emergency room claiming that he inhaled fumes and diesel smoke because the locomotive he was operating that day stalled in a tunnel.  (*Id.* at Ex. D).  A few months after that alleged incident, on November 3, 2004, plaintiff failed a random drug test administered by CSX when his urine tested positive for Dexedrine, a prescription amphetamine used to treat narcolepsy.  (*Id.* at Ex. E).  Due to his conditions, plaintiff was unable to continue his employment as an engineer, and on January 17, 2006, he was awarded a disability annuity by the Railroad Retirement Board.  (*Id.* at Ex. F).

On June 22, 2007, plaintiff filed a Complaint in the United States District Court for the Southern District of Illinois.[2]  Plaintiff's Complaint asserted three causes of action:  Count I alleges that CSX was liable under FELA for aggravation of his sleep apnea and narcolepsy that was purportedly caused by his locomotive becoming stalled in a tunnel on June 22, 2004; Count II alleges that CSX was liable for plaintiff's injuries under the Boiler Inspection Act because the locomotive he was operating on June 22, 2004, was not in proper

---

[2]This matter was transferred to the U.S. District Court for the Southern District of Indiana on September 29, 2008.

condition; and Count III alleges that CSX was liable under FELA for injuries to his wrists.

On January 10, 2008, after the parties submitted a discovery schedule, an Order approving the schedule was entered providing that plaintiff's expert disclosures, along with written reports, were due on May 31, 2008, while defendant's expert disclosures and reports were due on July 31, 2008.  Less than two months before plaintiff's deadline for disclosure of experts, on April 4, 2008, plaintiff served CSX with Answers to Interrogatories, including the following response to an interrogatory seeking the identity and opinions of plaintiff's expert witnesses:

> ANSWER:  Will supplement this request.  We intend upon calling upon expert witness testimony at trial.  Plaintiff may call any of CSX's supervisors or his co-employees as nonretained expert witnesses who may testify about the accident, injuries, railroad industrial standards and this testimony may be considered expert testimony.  Additionally, Plaintiff may call treating physicians as nonretained expert witnesses who may testify as to the causes, permanent disability, and related medical topics concerning Mr. Zimmerman's injuries.  Dr. Leroy Grossman of Econo-Tech may be retained to testify as to Mr. Zimmerman's wage loss and economic damages.

(*Id.* at Ex. H).

While it is apparent that plaintiff knew he was going to utilize expert testimony, he did not submit any expert disclosures or reports on or before May 31, 2008.  He also never moved to continue the deadline established by the Order of January 10, 2008.  More than nine months after the May 31, 2008 deadline for disclosure of plaintiff's expert witnesses, plaintiff filed his Motion to

Disclose Experts Out of Time on March 16, 2009.  Plaintiff seeks to disclose as

expert witnesses the following individuals:  (1) plaintiff's treating physicians – Dr.

Eric Cure, Dr. David Haueisen, Dr. Robert Pope, Dr. Gary Moore, and Dr. Mark

Goetting; (2) an unnamed "carbon monoxide toxicity expert"; and 3) economist

Leroy Grossman, Ph.D.

**B.      Discussion**

Defendant argues that plaintiff must not be allowed to disclose in an

untimely manner any expert witnesses because he has failed to meet his burden

under Rule 37 of the Federal Rules of Civil Procedure which requires him to

demonstrate that his failure was either substantially justified or harmless.

Federal Rule of Civil Procedure 26(a)(2) governs the disclosure of expert

witnesses and provides, in pertinent part, as follows:

> **(2)**  *Disclosure of Expert Testimony.*
>
>> **(A)**     *In General.*  In addition to the disclosures required by
>> Rule 26(a)(1), a party must disclose to the other parties
>> the identity of any witness it may use at trial to present
>> evidence under Federal Rule of Evidence 702, 703, or
>> 705.
>>
>> **(B)**     *Written Report.*  Unless otherwise stipulated or ordered
>> by the court, this disclosure must be accompanied by a
>> written report--prepared and signed by the witness--if
>> the witness is one retained or specially employed to
>> provide expert testimony in the case or one whose
>> duties as the party's employee regularly involve giving
>> expert testimony.  The report must contain:
>>
>>> **(i)**    a complete statement of all opinions the witness
>>> will express and the basis and reasons for them;

> **(ii)** the data or other information considered by the witness in forming them;
>
> **(iii)** any exhibits that will be used to summarize or support them;
>
> **(iv)** the witness's qualifications, including a list of all publications authored in the previous 10 years;
>
> **(v)** a list of all other cases in which, during the previous four years, the witness testified as an expert at trial or by deposition; and
>
> **(vi)** a statement of the compensation to be paid for the study and testimony in the case.
>
> **(C)** *Time to Disclose Expert Testimony.* A party must make these disclosures at the times and in the sequence that the court orders.

FED. R. CIV. P. 26(a)(2). As the Seventh Circuit has explained, Rule 26 does not make any exceptions; "*all* witnesses who are to give expert testimony under the Federal Rules of Evidence must be disclosed under Rule 26(a)(2)(A)." *Musser v. Gentiva Health Servs.,* 356 F.3d 751, 756 (7th Cir. 2004)(emphasis in original). Formally disclosing an expert witness under Rule 26(a)(2) is not a pointless endeavor; knowing which of an opponent's witnesses will be providing expert testimony will allow a party to properly prepare for trial. *Id.* at 757.

If a party does not comply with Rule 26, then Rule 37 outlines the consequences of failing to disclose expert witnesses as follows:

> **(1)** *Failure to Disclose or Supplement.* If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a

trial, unless the failure was substantially justified or is
harmless.

FED. R. CIV. P. 37(c)(1).  "The exclusion of non-disclosed evidence is automatic

and mandatory under Rule 37(c)(1) unless non-disclosure was justified or

harmless."  *Musser,* 356 F.3d at 758 (citing *Finley v. Marathon Oil Co.,* 75 F.3d

1225, 1230 (7th Cir. 1993)).

In plaintiff's motion, he does not explain why it took until March 16, 2009,

to move for the disclosure of expert witnesses when the evidence demonstrates

that he knew of their existence at least as early as April 4, 2008, when he

tendered his Answers to Interrogatories.  Additionally, plaintiff does not even

attempt to argue that his failure to timely disclose these expert witnesses was

either substantially justified or harmless.

In light of the fact that plaintiff has not argued that his failure to disclose

these expert witnesses is substantially justified, and because he had the names

of these witnesses months before the disclosure deadline, this Magistrate Judge

concludes that there was no substantial justification for plaintiff's non-

disclosure.  Furthermore, the non-disclosure cannot be described as "harmless."

The evidence presented by defendant indicates that Dr. Cure has already been

deposed on June 24, 2008.  (Defendant's Response at Ex. I).  On September 12,

2008, Dr. Moore (*Id.* at Ex. K) and Dr. Pope (*Id.* at Ex. L) were deposed.  And then

on September 22, 2008, the parties deposed Dr. Goetting.  (*Id.* at Ex. M).

Plaintiff's counsel asked these doctors questions that would typically be asked of

an expert witness, such as questions regarding causation.  Finally, defendant filed a Motion for Summary Judgment on September 5, 2008 (Docket Nos. 44-45) to which plaintiff still has not responded.  If the court were to permit the tardy disclosure of these expert witnesses, defendant would have spent considerable time, money, and effort into a motion for summary judgment that would likely have to be restructured in light of the new witnesses.  Additionally, it is almost certain that defendant would be forced to conduct additional depositions of the newly disclosed expert witnesses.  Given that plaintiff has made absolutely no effort to counter defendant's argument and explain why the non-disclosure of these expert witnesses was harmless, the court concludes that Plaintiff's Motion to File Disclosure of Experts Out of Time must be denied.

**C.**     **Conclusion**

The Magistrate Judge, being duly advised, now **DENIES** the Plaintiff's Motion to File Disclosure of Experts Out of Time.  Defendant's Motion for Sanctions Pursuant to Federal Rule of Civil Procedure 37 is **GRANTED.**  Because the court has addressed this motion on its merits, Defendant's Motion for Summary Ruling is **DENIED, as moot.**

      **SO ORDERED.**

**Dated:**  May 8, 2009

_____
WILLIAM G. HUSSMANN, JR.
Magistrate Judge

**Electronic copies to:**

David A. Damico
BURNS, WHITE & HICKTON
dadamico@bwhllc.com

John C. Duffey
STUART & BRANIGIN LLP
jcd@stuartlaw.com

Daniel R. Francis
FRANCIS LAW FIRM, LLC
danfrancis@sbcglobal.net

Trenten D. Klingerman
STUART & BRANIGIN LLP
tdk@stuartlaw.com

Jeffrey D. Roberts
BURNS, WHITE & HICKTON, LLC
jdroberts@bwhllc.com


**Mail copy to:**

Erick E. VanDorn
Thompson Coburn - Belleville
525 West Main Street
P.O. Box 750
Belleville, IL  62220-0750